UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ANTHONY GIBSON,

                            Petitioner,                  **MEMORANDUM AND ORDER**
            -against-                                    Case No. 00-CV-4425 (FB)

CHARLES GRENIER,

                            Respondent.
-------------------------------------------------------------x

*Appearances:*
*For the Petitioner:*                                    *For the Respondent*:
ANTHONY GIBSON, *pro se*                                 CHARLES J. HYNES, ESQ.
No. 97-A-7822                                            Kings County District Attorney
Attica Correctional Facility                            By:    MORGAN J. DENNEHY, ESQ.
P.O. Box 149                                                    Assistant District Attorney
Attica, New York 14011                                  350 Jay Street
                                                        Brooklyn, New York 11201

                                                        *On the Brief*:
                                                        LEONARD JOBLOVE, ESQ.

**BLOCK, Senior District Judge:**

        Petitioner Anthony Gibson ("Gibson") seeks a writ of habeas corpus pursuant to 28

U.S.C. § 2254.  For the reasons set forth below, Gibson's petition is denied.

**I**

        Gibson was convicted by a jury in the New York State Supreme Court, Kings

County, of numerous violent crimes including murder and attempted murder.[1]  The trial court

imposed a mix of consecutive and concurrent sentences of imprisonment that will keep Gibson in

jail for the rest of his natural life.  The Appellate Division affirmed his conviction and sentence on

---

[1] Gibson's counts of conviction were: (1) one count of second-degree murder; (2) one count of
attempted second-degree murder; (3) four counts of first-degree rape; (4) four counts of first-degree
sodomy; (5) one count of first-degree kidnapping; (6) one count of second-degree kidnapping; and
(7) one count of criminal weapons possession in the second degree. *See* Trial Tr. at 924-26.

direct appeal. *People v. Gibson*, 687 N.Y.S.2d 301, 301 (2d Dep't 1999), *lv. to app. den.*, 93 N.Y.2d 970 (1999).

None of the claims of error in Gibson's petition were raised in his direct appeal; nearly all of his claims were rejected in a post-conviction state court proceeding ("the 440.10 Order"). *See* Order, *People v. Gibson*, No. 1528/96 (Sup. Ct. Kings County Aug. 2, 2007) (unpublished), *lv. to app. den.*, No. 2007-08605, 2008 N.Y. Slip Op. 64276 (2d Dep't Feb. 21, 2008). Gibson now claims that: (1) his indictment was defective; (2) the trial testimony of a DNA expert was false; (3) a co-defendant's statement was improperly admitted; (4) two witnesses testified falsely; (5) the prosecutor knowingly used this false evidence; (6) the prosecution suppressed evidence; and (7) his trial counsel was constitutionally deficient for failing to bring out some or all of these issues. The 440.10 Order concluded that each of these issues was either procedurally barred, without merit, or both. Gibson also claims that: (8) the prosecution failed to identify a favorable witness. The record indicates that this claim of error has not been presented in state court. Lastly, Gibson contends that: (9) he is actually innocent.

## II

### A. Gibson's *Pro Se* Status

Gibson brings this petition *pro se*; his papers are to be construed liberally, and are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (*pro se* papers are to be read "liberally and interpret[ed] to raise the strongest arguments that they suggest.") (internal citation and quotation marks omitted).

### B. AEDPA

AEDPA sets out the parameters under which a federal district court may grant a writ of habeas corpus. Where a state court has "adjudicated [a claim] on the merits," that adjudication

is entitled to deference under AEDPA. *See* 28 U.S.C. § 2254(d). Such a decision can only be reversed in habeas proceedings if it was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2)"based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See id.*; *see also Williams v. Taylor*, 529 U.S. 362, 402-11 (2000) (explaining deference required by AEDPA).          Before the Court can reach the merits of any of Gibson's claims, however, the District Attorney raises the threshold issue of AEDPA's statute of limitations. Resp. Mem. of Law at 1. AEDPA sets a one-year period of limitation on the filing of habeas corpus petitions for persons in custody pursuant to state court judgments. With respect to Gibson's claims, AEDPA's limitations period began to run on either:

> (A)     the date on which the judgment became final by the conclusion of  d i r e c t review or the expiration of the time for seeking such review; [or]

> (D)     the date on which the factual predicate of the claim or claims         presented could have been discovered through the exercise of due      diligence.

28 U.S.C. § 2244(d)(1)(A), (D). Accounting for Gibson's direct appeal, the state court 440.10 proceeding, and his habeas corpus proceedings in this court, the 2244(d)(1)(A) statute of limitations ran during three discrete periods: 1999-2000 (299 days)[2]; 2000-2006 (6 years, 2 months); and 2008 (222 days). These periods, in the aggregate, amount to nearly 8 years. As noted hereinafter, several of Gibson's claims are therefore clearly untimely.

*1.     Defective Indictment*

---

[2] The District Attorney concedes that the statute of limitations should be tolled for 81 days during which Gibson had a habeas petition pending in this court in 2000 under *Walker v. Artuz*, even though that decision is no longer good law. 208 F.3d 357, 360-61 (2d Cir. 2000), *overruled sub nom. Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). The Second Circuit's decision was good law for the entire pendency of Gibson's initial petition.

Gibson claims that the indictment on which he was tried was defective, but any challenge to the indictment should have been made years ago, certainly prior to trial. Accordingly, this claim is dismissed as untimely under Section 2244(d)(1)(A).

**2.      *Testimony of Marie Samples***

Gibson complains that the testimony of Marie Samples ("Samples"), a DNA expert, was false. No such testimony appears in the record (an "omission" of which Gibson also complains), and Gibson submits no evidence of any kind that Samples testified: he merely alleges that Samples's testimony linked Gibson's DNA to the crime. If Samples did testify, Gibson's purported claim based on her testimony was ripe at trial, and so a claim based on her testimony is untimely under Section 2244(d)(1)(A).

**3.      *Statement of Co-Defendant Alonzo Reed***

Gibson claims that the prosecutor read the jury a statement made by a co-defendant, Alonzo Reed. The record contains no such statement; even if such a statement was presented at trial, Gibson was present for trial, and thus any claim based upon this supposed statement could have been brought years ago. Accordingly, this claim is  untimely under Section 2244(d)(1)(A).

**4.      *"False Testimony" of Two Witnesses***

Gibson claims that newly-discovered evidence, in the form of three affidavits of Teresa Hines ("Hines") and a civil deposition of Tiesha Woods ("Woods"), prove that their trial testimony against Gibson was false. Hines's affidavits and Woods's deposition testimony were already several years old when Gibson presented them in state court. This claim therefore appears untimely under AEDPA's Section 2244(d)(1)(D).

Even if timely, Gibson must still overcome the deference owed under AEDPA to the state court's rejection of this claim on the merits. With respect to Hines's affidavits, the 440.10 Order concluded that one of the affidavits was put on the record in a pre-trial hearing, that two of

the affidavits were unreliable, that the affidavits were not newly-discovered evidence, and that, in any event, the affidavits did not cast doubt on Hines's testimony against Gibson. *See* 440.10 Order at 4-6. Gibson does not demonstrate how this decision was unreasonable; accordingly, even if this claim were timely, the Court would be unable grant any relief due to the deference owed under AEDPA to the 440.10 Order. With respect to Woods's deposition testimony, the 440.10 Order relied on the fact that the deposition occurred years after trial, and thus could not substantiate Gibson claim of a *Brady* violation at trial. That decision was not unreasonable. The state court did not explicitly rule on Gibson's claim that the deposition proved that Woods's trial testimony was false; nonetheless, a review of the record indicates that this claim is without merit. "[A] court need not elaborate or give reasons for rejecting claims which it regards as frivolous or totally without merit." *Sumner v. Mata*, 449 U.S. 539, 548 (1981).

5.      *Prosecutor's Use of "False Evidence"*

Gibson complains that the prosecutor knew that Woods's and Hines's testimony was false, which the Court construes as raising a claim of prosecutorial misconduct.[3] Gibson did not bring this claim until late 2006, though both the affidavits and the deposition were already several years old. Therefore, a claim of prosecutorial misconduct based on their testimony appears time-barred. 28 U.S.C. § 2244(d)(1)(D). Even if it were timely, this claim, at least with respect to Woods's testimony, has already been rejected on the merits in Gibson's 440.10 proceeding. *See* 440.10 Order at 8. Gibson does not come close to demonstrating that this adjudication was unreasonable. To the extent the state court decision did not dispose of this claim with respect to

_____

[3] Gibson also complains that Samples's testimony was presented falsely by the prosecutor; as noted the record indicates Samples did not testify at trial. Even if she did, any claim of prosecutorial misconduct with respect to her testimony was ripe at trial.

Hines's testimony, the record demonstrates that the claim is devoid of merit. *Sumner*, 449 U.S. at 548.

### 6. *Suppression of Evidence*

Gibson contends that a supposedly exculpatory police report created by a Detective Steven Swantek at Kings County Hospital was "suppressed." This claim of suppression at trial appears time-barred under AEDPA. 28 U.S.C. § 2244(d)(1)(D). Even if it were timely, the state court has already adjudicated this claim on the merits. The 440.10 Order concluded that Gibson submitted no evidence that the report was suppressed, no evidence of how the report could not have been revealed through due diligence, and ultimately, that the report was "merely impeaching," and thus not exculpatory. *See* 440.10 Order at 9. The Court owes deference to these determinations of fact under AEDPA, and Gibson submits nothing to demonstrate that they were unreasonable. Notwithstanding AEDPA, the record makes plain that this claim is without merit. *Sumner*, 449 U.S. at 548.

### 7. *Ineffective Assistance of Trial Counsel*

Gibson predicates his claim of ineffective assistance of counsel upon the alleged errors discussed above. The 440.10 court summarily rejected this claim on the merits. *See* 440.10 Order at 8. Gibson submits nothing to show that this determination was unreasonable, and that determination is therefore entitled to deference under AEDPA. Notwithstanding AEDPA, the record shows that the claim is without merit. *Sumner*, 449 U.S. at 548.

### 8. *Prosecution's "Failure to Disclose" Testimony of Dr. Lewittes*

Gibson states that the prosecution "failed to disclose the testimony of Rape Trauma Syndrom[e] expert Dr. Lewittes to the defense; but it is apparent from the Court record that such testimony would have damage[d] the prosecution['s] case." Pet'r's Mem. of Law at 11, Docket Entry No. 14-1. This claim has not previously been presented in state court. Nonetheless, the record

refutes Gibson's claim that the prosecution "failed to disclose" Dr. Lewittes's existence. The possibility that Dr. Lewittes might testify on behalf of the prosecution was discussed briefly at trial, *see* Trial Tr. at 387, and so Gibson's claim was ripe at trial. Accordingly, this claim is untimely under Section 2244(d)(1)(A). To the extent Gibson claims that his trial counsel was deficient for failing to investigate Dr. Lewittes's testimony, Gibson fails to explain, beyond the conclusory statement quoted above, how this failure prejudiced him. The Court has reviewed the portion of the record that Gibson claims makes it "apparent" that Dr. Lewittes's testimony "would have damage[d] the prosecution's case." The record does not support his characterization. Accordingly, even if trial counsel did err in failing to call Dr. Lewittes (a dubious proposition), Gibson's claim of ineffective assistance premised thereupon is denied on account of his failure to allege any prejudice caused by that error.

### 9. *Actual Innocence*

Gibson concludes his petition by arguing that the claims of error discussed above indicate that he is actually innocent of the crimes charged. This claim is without merit. *Sumner*, 449 U.S. at 548.

## CONCLUSION

Gibson's petition for a writ of habeas corpus is denied. No certificate of appealability is granted since Gibson has failed to make a substantial showing of the denial of his constitutional rights. *See* 28 U.S.C. § 2253(c)(1).

**SO ORDERED.**

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
October 26, 2009